UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LORENZO EADY, JR.,            )
                              )
         Plaintiff,           )
                              )
v.                            )         CV420-261
                              )
TERRY E. BLANCHARD, *et al.*, )
                              )
         Defendants.          )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Lorenzo Eady, Jr. has filed this case, purportedly as the "agent" of Lorenzo Eady Jr. Property Management. *See* doc. 1. The factual allegations make clear that Eady is, in fact, incarcerated at Rutledge State Prison. *See* doc. 4 at 2. On October 22, 2020, the Clerk of Court informed Eady that he had failed to either pay the required filing fee or move to proceed *in forma pauperis*. Doc. 2. The Clerk informed him that failure to correct the deficiency within twenty-one days might result in dismissal. *Id.* That was no idle threat.

Eady and his failure to comply with the procedures for initiating cases are familiar. In 2016, Eady had his first case dismissed for failure to either pay the filing fee or submit an application to proceed *in forma*

*pauperis*. *See Eady v. State of Georgia*, CV416-200, doc. 3 (S.D. Ga. Aug. 16, 2016), *adopted* doc. 5 (S.D. Ga. Sept. 28, 2016). He did the same three times in 2018. *See Eady v. State of Georgia*, CV418-004, doc. 4 (S.D. Ga. Feb. 6, 2018), *adopted* doc. 7 (S.D. Ga. Mar. 1, 2018); *Eady v. State of Georgia*, CV418-018, doc. 4 (S.D. Ga. Mar. 1, 2018), *adopted* doc. 5 (S.D. Ga. Mar. 22, 2018); *Eady v. Georgia Reg. Hosp.*, CV418-193, doc. 5 (S.D. Ga. Aug. 29, 2018), *adopted* doc. 8 (S.D. Ga. Sept. 17, 2018). He did it twice in 2019. *See Eady v. Dept. of Corrs.*, CV419-248, doc. 3 (S.D. Ga. Oct. 30, 2019), *adopted* doc. 7 (S.D. Ga. Aug. 27, 2020); *Eady v. Dept. of Corrs.*, CV419-249, doc. 3 (S.D. Ga. Oct. 30, 2019), *adopted* doc. 7 (S.D. Ga. Aug. 28, 2020).

It will come as no surprise to Eady, then, that this case too should be dismissed without prejudice because he has failed to either pay the filing fee or moved to proceed *in forma pauperis*. *See* doc. 2 (Notice of Deficiency). The Court has the authority to prune cases from its docket where parties have failed to comply with procedural requirements or its Orders. *See* S.D. Ga. L. Civ. R. 41.1(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d

101, 102 (11th Cir. 1989); *Jones v. Graham*, 7090 F.2d 1457, 1458 (11th Cir. 1983). Accordingly, Eady's case should be **DISMISSED** without prejudice.

Given the litigation history described above, Eady should take note that this Court has the authority to impose restrictions on those who persistently disregard its procedures. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (*en banc*). If Eady persists in filing cases and refusing to comply with the most basic requirements to prosecute them, the Court may impose such restrictions.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R, the earlier R&R (doc. 16) and any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 17th day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA